## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Taylor, Thiemann and Aitken

v.

Hayes

### Case No. (Law) CL900651

By JUDGE ALFRED D. SWERSKY

April 29, 1991

After trial on the merits, the court took this matter under advisement to consider defendant's argument that the contract between the parties was unenforceable because of plaintiff's failure to register as a lobbyist pursuant to Title 2, U.S.C., § 261 *et seq.* Defendant argues that the contract was for lobbying services, and the failure of plaintiff to register as a lobbyist renders the contract illegal and, hence, unenforceable. The other defenses raised are resolved against defendant, and the case turns on this issue.

Plaintiff argues that it was not required to register pursuant to the act because all of their contacts on behalf of defendant were with congressional staff and not any member of Congress. Plaintiff relies on *United States v. Harris*, 347 U.S. 612 (1954), as support for its view that their efforts are not covered by the act. The evidence reveals, however, that as part of its performance, it arranged a meeting between a particular senator and defendant. While it is true that the meeting was arranged with the senator's staff and that the senator did not appear, it strongly suggests an intent on plaintiff's part to lobby the senator on behalf of defendant. Plaintiff argues that it merely prepared Hayes for his meeting with the senator and that the function of witness preparation was

not a lobbying function. However, plaintiff's representative testified that their sole function was to be "legislative" counsel and that other matters, including litigation and bankruptcy, were being handled by Hayes's other counsel. In fact, the retainer agreement (Plaintiff's Exhibit 1) describes the work to be done as "lobbying." In addition, plaintiff drafted a letter to another senator on Hayes's behalf pointing out legal arguments on his behalf but adding the following language: "We remain convinced that remedial legislation is not only appropriate but is necessary . . . ." An offer to meet with the senator and the staff follows. It is not clear whether or not this letter was mailed. Thus, plaintiff was required to register under Title 2, U.S.C. § 267.

In deciding whether or not plaintiff's failure to register renders the contract unenforceable, the Court must consider whether the registration has a regulatory purpose and whether the public's policy in the regulation requirements outweighs the interests in enforcing the contract between the parties. *See, Restatement Contracts*, Second, § 181 (at page 21); *Colbert v. Ashland Constr. Co.,* 176 Va. 500 (1940). The public policy behind the Federal Regulation of Lobbying Act is apparent. The public has a right to detailed information about who is attempting to influence the passage or defeat of legislation and a public policy of such importance must override plaintiff's right to recover fees for the very services which would be prohibited under the Act absent the appropriate registration.

Judgment will be entered on behalf of defendant.

May 31, 1991

I have reviewed the memoranda submitted by counsel, and plaintiff's request for reconsideration of the Court's ruling of April 29, 1991, will be denied. Plaintiff argues that the Lobbying Act is not the type of regulatory statute requiring the voiding of contracts made in violation thereof and relies upon *Blick v. Marks, Stokes and Harrison,* 234 Va. 60, 360 S.E.2d 345 (1987). This argument ignores the criminal penalties contained in 2 U.S.C., § 269, and the provisions that bar a violator from lobbying Congress for a period of three years.